IN RE PETITION OF JOHN C. ALSTON, ET AL, "TO WIDEN A PUBLIC ROAD IN ST. GEORGES HUNDRED."

*Public Road—Sections 4 and 5, Chapter 60, Revised Code Construed—Costs.*

1. There is no authority under our statute which authorizes the widening of a road already laid out.

2. Return of commissioners widening a road set aside; the Court refusing to make an order taxing costs.

´ (*June 17, 1898.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Martin B. Burris*, for petitioners.

(No appearance in opposition).

Court of General Sessions, New Castle County, May Term, 1898.

At the February Term, 1898, the following petition of certain citizens in St. Georges Hundred was present (under Sections 4 and 5, Chapter 60, Revised Code, 491) to the Court, viz : "That there is need of widening a public road in said St. Georges Hundred, for the convenience of the general public ;

said road beginning on the easterly side of Catharine Street, in Middletown, at the western boundary of land owned by Charlotte Jones, and extending eastward through clear land of the said Charlotte Jones, and through clear land of Mary and Bessie Anderson, and through clear land of Richard Clayton, and through clear land of George Johnson, and through clear land of Andrew Hushabeck, about fifty and seven-tenths perches to the eastern boundary of land of the said Andrew Hushabeck. And we pray your honorable Court to appoint five suitable persons to go upon and view the said lands and premises, and to make return of their proceedings to the next term of this honorable Court, in accordance with an act of the General Assembly in such cases made and provided.

The order was issued on the form for the laying out of a new public road; the return of the commissioners was made in accordance with the prayer of the petitioners, recommending the widening of said road. At the May Term, 1898, counsel for petitioners appeared in Court, and admitted that the Court could not confirm the return, for the reason that the order was not agreeable to the petition, nor was the return in obedience to the order. But in view of the fact that the case was before the Court, counsel asked for a construction of Section 4 of Chapter 60 of the Revised Code, which provides that "The Court of General Sessions of the Peace and Jail Delivery within each county, shall have jurisdiction to lay out public roads, and to change or vacate the same."

The Court decided that the language of Section 4, standing alone, was broad enough to admit of such a construction as counsel contended for ; that is, that the word "change" could be construed to mean alter ; but that the language of Section 5 restricted the word "change" in section 4, to mean change the course of. While there was authority given in the statute to lay out a new road, to change the course of a road already laid out, or to vacate a road, yet that there was no power given therein to widen a road.

The return of the commissioners was therefore set aside; and the Court refused to make an order taxing the costs.